IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| Keri Callaway, individually, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | *(Jury Trial Requested)* |
| Reservoir International, LLC, a | ) | |
| North Carolina Corporation | ) | |
| | ) | |
| *Defendant*. | ) | |

Plaintiff Keri Callaway ("Callaway") complains of the defendant as follows:

1.

This action involves application of the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq. This court has jurisdiction of this action pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

2.

The claims asserted to this action arose within this district and the alleged discrimination and damage occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

3.

Plaintiff Callaway is a citizen of the United States and the State of North Carolina and resides in Cumberland County, North Carolina.

4.

Plaintiff Callaway is, and at all times material hereto was, a citizen of the State of North Carolina, residing in Cumberland County, North Carolina.

5.

Plaintiff Callaway is informed and believes, and upon that basis alleges, the defendant Reservoir International, LLC ("Reservoir") is and was at all times material hereto, a North Carolina corporation doing business in this district, having its principal place of business in Fayetteville, North Carolina.

6.

At all times material hereto, plaintiff Callaway began her employment as a Finance Manager with defendant Reservoir in approximately February 2016.

7.

Plaintiff Callaway contends that from approximately October 2017 until her wrongful termination on May 14, 2018, Callaway worked remotely from her home for defendant Reservoir.

8.

On or about April 26, 2018, plaintiff Callaway fell and broke her leg. Defendant Reservoir was notified of plaintiff's injury via text message and voice mail on the date of injury. Jason Fisher ("Fisher"), Operations Manager and Callaway's manager acknowledged notice of the injury on the same day via text message. Callaway had surgery on April 27, 2018.

9.

Plaintiff Callaway further contends that defendant Reservoir was contacted on the day of surgery, April 27, 2018, and defendant Reservoir sent Callaway flowers while she was hospitalized.

10.

On or about May 1, 2018, plaintiff Callaway was released from the hospital and submitted her doctor's note to defendant Reservoir on May 4, 2018, which indicated that Callaway should remain out of work for two (2) months.

11.

Plaintiff Callaway contends that on May 2, 2018, John Terzian ("Terzian"), CEO for defendant Reservoir contacted Callaway about her condition. Plaintiff Callaway inquired about her employment status but Terzian failed to provide an update on her employment status. Plaintiff Callaway continued to communicate with defendant Reservoir about her status via text message and phone through May 11, 2018.

12.

Plaintiff Callaway contends that on May 14, 2018, Terzian called her and informed her that she was being terminated due to her inability to return to the office to work and that her position, which allowed her to work remotely, was being eliminated. Terzian further indicated that once she was able to return to work, she could contact defendant Reservoir about a possible job but there was no guarantee that she could return to her former position or maintain her rate of pay.

13.

Plaintiff Callaway further contends that because of her termination, she lost money and suffered emotional distress.

14.

Plaintiff Callaway contends that because of her termination, she has suffered and continues to suffer emotional distress.

15.

Plaintiff Callaway contends that as a result of defendant Reservoir's treatment toward her, she has suffered and continues to suffer pecuniary loss, including lost wages, lost benefits and other economic losses.

16.

All supervisors and co-workers were, at all times herein, working within the course and scope of their employment and in furtherance of the employer's business. Further, pursuant to the doctrine of respondent superior, defendant Reservoir is vicariously liable for acts herein alleged against those co-workers and supervisors. Alternatively, the acts of the aforementioned employees may not have been within the scope of their employment. Callaway alleges that the employer remains liable for its negligent supervision and retention of those employees.

17.

Defendant Reservoir's actions against Callaway, as alleged herein, were willful and intentional.

## FIRST CLAIM FOR RELIEF

### (Compensatory Damages Under the FMLA)

### 29 U.S.C. § 2617(a)

18.

Plaintiff Callaway hereby incorporates the foregoing paragraphs as if fully set out herein.

19.

Plaintiff Callaway is informed and believes, and on that basis alleges, that defendant

Reservoir qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. §

2611(4), and that Callaway is an "eligible employee" as that term is defined in the

FMLA, 29 U.S.C. § 2611(2).

20.

Plaintiff Callaway is informed and believes, and on that basis alleges, that there was an

"entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1), and that Callaway

was denied her entitlement to leave as prescribed in FMLA.

21.

Plaintiff Callaway is informed and believes, and on that basis alleges, that defendant

Reservoir is responsible under the FMLA, 29 U.S.C. § 2617(a).

22.

As a result of Plaintiff Callaway's wrongful termination, Callaway has incurred, and is

now incurring, a loss of wages and medical expenses, all within the meaning of the

FMLA, 29 U.S.C. § 2617(a), in an amount to be proved at trial, but believed to exceed

$50,000. These costs include, without limitation, lost wages and medical expenses from the date of termination, back pay from the effective date of termination, and lost employment benefits from the date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in the FMLA, 29 U.S.C. § 2617. The costs also include attorneys' fees that, as of the date of this complaint exceed $10,000.

23.

Plaintiff Callaway is informed and believes, and on that basis alleges, that pursuant to 29 U.S.C. § 2617(a), defendant Reservoir is liable to Callaway for the costs described in the preceding paragraph.

SECOND CLAIM FOR RELIEF

(Declaratory Relief for Compensatory Damages Under the FMLA)

29 U.S.C. § 2617(a)

24.

Plaintiff Callaway realleges and incorporates by reference each and every allegation in the foregoing paragraphs as if fully set out herein.

25.

An actual controversy now exists between plaintiff on the one hand, and defendant, on the other, in that plaintiff contends that defendant is liable under the FMLA, 29 U.S.C. § 2617(a), for all lost wages, benefits, and costs to be incurred by plaintiff and reinstatement of plaintiff to her previous position of Finance and Administrative Supervisor, in connection with the alleged employment discrimination perpetrated by

defendant Reservoir. Plaintiff is informed and believes, and on that basis alleges, that the defendant contends in all respects to the contrary.

26.

A declaration of the rights and obligations of the parties, pursuant to FMLA, 29 U.S.C. § 2617(a), binding in any subsequent action or actions to recover further costs incurred by Callaway, is appropriate and in the interests of justice.

THIRD CLAIM FOR RELIEF

(Damages and Equitable Relief)

27.

Plaintiff Callaway hereby incorporates the foregoing paragraphs as if fully set out herein.

28.

By their above acts, defendant Reservoir has wrongfully terminated Callaway. Callaway will suffer irreparable harm in the absence of equitable relief from this Court, and there is no adequate remedy at law to prevent such harm. Accordingly, Callaway is entitled to declaratory, injunctive and equitable relief including reinstatement to her position with defendant Reservoir.

29.

As a direct and proximate result of defendant's wrongful conduct, Callaway has incurred and will continue to incur substantial losses, including lost income and benefits, emotional distress and mental anguish, loss of quality and enjoyment of life and employment reputation, and other damages to be proven at trial. Accordingly, Callaway is entitled to compensatory damages in an amount to be proven at trial.

30.

Defendant Reservoir's acts, policies and practices, as described above, were willful, wanton and malicious, and evinced an intentional or reckless indifference to and disregard for the plaintiff. Accordingly, plaintiff is entitled to recover punitive damages in an amount in the discretion of the jury.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

### AS TO THE FIRST CLAIM FOR RELIEF

### FOR COMPENSATORY DAMAGES UNDER THE FMLA

1. For compensatory damages and other costs incurred by plaintiff according to proof, but believed to exceed $50,000, and reinstatement of plaintiff to her previous position of Finance and Administrative Supervisor.

2. For plaintiff's reasonable attorneys' fees.

### AS TO THE SECOND CLAIM FOR RELIEF

### FOR DECLATORY RELIEF UNDER THE FMLA

3. For a judicial declaration that the defendants are liable under the FMLA, 29 U.S.C. § 2617(a) for all past, present and future lost wages, employment benefits and other costs incurred by plaintiff in connection with plaintiff's termination of employment with defendant Reservoir, including, without limitation, reasonable attorneys' fees.

### AS TO THE THIRD CLAIM FOR RELIEF

4. For compensatory damages and other costs incurred by plaintiff according to proof, but believed to exceed $50,000, and reinstatement of plaintiff to her previous position of Finance and Administrative Supervisor.

5. For plaintiff's reasonable attorneys' fees.

<u>AS TO ALL CLAIMS</u>

6. Award plaintiff compensatory damages for pecuniary losses, emotional pain, and mental anguish, together with attorneys' fees and the costs and disbursements of this action in excess of 50,000;

7. Award plaintiff punitive damages in excess of $50,000;

8. Award plaintiff liquidated damages in excess of $50,000;

9. Reinstatement to her previous position or a substantially similar position;

10. Grant plaintiff a jury trial on all issues of fact, and;

11. Grant such other relief as may be just and proper.

This 14th day of June, 2018.

LISA WALKER, ATTORNEY AT LAW PLLC

BY: __/s/ Lisa Walker_____
     Lisa Walker
     P.O. Box 1473
     Knightdale, NC  27545
     (919) 719-2730
     Fax (919) 719-2799
     lisa@lisawalkerlaw.com
     N.C. Bar #47809
     Attorney for Plaintiff